# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **No. 3:19-cr-00230** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| | ) | |
| **JOSE ANDRADE-SANCHEZ** | ) | |

## MOTION TO SET PLEA AND SENTENCING HEARING AND PERMIT WAIVER OF PRESENTENCE REPORT OR ORDER EXPEDITED PRESENTENCE REPORT

Defendant Jose Andrade-Sanchez intends to plead guilty without the benefit of a plea agreement. Both parties estimate that Mr. Andrade's guidelines range would likely be in the range of 2-8 months at a maximum. Accordingly, Mr. Andrade respectfully submits this motion to set a plea and sentencing hearing as soon as practicable for the Court and the parties, and he requests that the Court either (1) permit him to waive issuance of a PSR altogether pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2), and conduct a simultaneous plea/sentencing hearing; or (2) order an expedited presentence report. In support of the first request, Mr. Andrade attaches hereto as Exhibit 1 a signed waiver of his rights under Rule 32(e)(1).

Mr. Andrade will enter a plea of guilty to the offense of illegal reentry after having been previously deported under 8 U.S.C. § 1326(a). He has no prior felony convictions. Mr. Andrade is subject to an ICE detainer and will be deported once he leaves federal custody.

The parties both acknowledge that Mr. Andrade would likely face a guidelines range of approximately 2-8 months at maximum. Mr. Andrade was arrested on September 17, 2019 and has been in custody since that date. Thus, Mr. Andrade has been in custody for more than one

month, and he anticipates that he would be in custody for approximately five months before his sentencing date if this Court ordered a full presentence report. Additionally, Mr. Andrade can reasonably anticipate remaining in ICE custody after his sentencing for 1-3 months prior to deportation. Under such circumstances, a traditional sentencing schedule would mean that Mr. Andrade would lose the ability to request a below-guidelines, bottom-of-the-guidelines, or even middle-of-the-guidelines sentence. Rather, he would necessarily receive a sentence above the middle of his guidelines range.

In light of the above, Mr. Andrade requests that the Court either (1) permit him to waive issuance of a PSR altogether pursuant to Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. § 6A1.1(a)(2), and conduct a simultaneous plea/sentencing hearing; or (2) order an expedited presentence report. "Presentence reports, while often an important resource, are not a mandatory part of the sentencing process." *United States v. Brown*, 557 F.3d 197, 299 (6th Cir. 2009). Waiver of the report is appropriate where "the [C]ourt finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the [C]ourt explains its finding on the record." Fed. R. Crim. P. 32(c)(1)(A)(ii).

Pretrial Services prepared a report in this case that will provide adequate information for the Court to meaningfully exercises its sentencing authority, and the parties could likewise submit a factual statement containing sufficient information for the Court to forego the PSR if so ordered.

For all of the above reasons, Mr. Andrade requests that the Court order a simultaneous plea and sentencing hearing, and either order an expedited PSR or waive the requirement entirely.

Respectfully submitted,

/s/ *Andrew C. Brandon*
ANDREW C. BRANDON (BPR #031882)
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047
E-mail: andrew_brandon@fd.org

Attorney for Jose Andrade-Sanchez

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2019, I electronically filed the foregoing *Motion to Set Plea and Sentencing Hearing and Permit Waiver of Presentence Report or Order Expedited Presentence Report* with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Brent Adams Hannafan, Assistant United States Attorney, 110 Ninth Avenue South, Suite A961, Nashville, TN 37203.

/s/ *Andrew C. Brandon*
ANDREW C. BRANDON

3